IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSIAH AYRES; C/O REBECCA AYRES; C/O ANTHONY DURGANS,       )<br>     )<br>     )<br>          Plaintiff,          )<br>     )<br>     vs.     )<br>     )<br>PRESIDENT BARACK OBAMA, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF VETERAN'S AFFAIRS, FEDERAL BUREAU OF INVESTIGATION, CLARKS SHOES, BRITISH AIRWAYS, AND DELTA AIRLINES,     )<br>     )<br>          Defendants.          )<br>     ) | CIVIL NO. 13-00371 SOM/RLP<br><br>ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

**I.     INTRODUCTION.**

On July 26, 2013, Plaintiff Vanessiah Ayres filed a Complaint against President Barack Obama, the Department of Homeland Security, the Department of Veterans Affairs, the Federal Bureau of Investigation ("FBI"), Clarks Shoes, British Airways, and Delta Airlines.  ECF No. 1.  Ayres also filed an Application to Proceed Without Prepayment of Fees ("Application"), and has demonstrated an inability to pay court fees.  See ECF No. 4.  However, the court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court denies the

Application and dismisses the Complaint.  The court grants Ayres leave to amend her Complaint.

**II.      BACKGROUND.**

Although Ayres lists numerous parties as Defendants in the case, Ayres's Complaint only contains allegations of civil rights violations against the FBI.  Id. ¶ 2.  Ayres claims that the FBI has slandered her and her family's reputation.  Id. ¶ 2A.  The FBI has allegedly informed institutions that Ayres and her family have been placed on the list of suspected threats to the United States.  Id.  Because Ayres's passports allegedly contain false information that is accessible to countries other than the United States, Ayres and her family are mistreated when they travel.  Id.  Furthermore, the FBI has allegedly been slandering Ayres's family to potential employers, thus preventing her children from finding employment.  Id. ¶ 2E.

Ayres alleges that the FBI's actions infringe on her family's constitutional rights to privacy.  Id. ¶ 2C.  Ayres claims that the FBI has inserted radio-frequency identification ("RFID") tags into their bodies in order to investigate her and her family.  Id. ¶ 2B.  The FBI also allegedly uses animals, such as canines, to detect substances on Ayres's body and as an intimidation strategy.  Id.  The FBI allegedly further invades her family's privacy when it accesses their phone, fax, and email communications.  Id. ¶ 2C.

Ayres alleges that the FBI has interfered with her right to legal representation. Id. ¶ 2D. Ayres alleges that she has been forced to represent herself because the attorneys that she contacted to request representation were instructed by the FBI not to represent Ayres. Id.

Ayres asserts discrimination because she has not been compensated with the 40 acres and a mule granted by President Ulysses Grant to former slaves and their descendants. Id. ¶ 2E. Ayres also claims that she has had numerous applications for home purchases rejected because of discrimination. Id.

Ayres further asserts that the FBI has interfered with her right to benefit payments from the Department of Veterans Affairs. Id. ¶ 2F. Ayres's husband passed away in 1998, but she alleges that she has not received any of the benefits that she is entitled to as a widow of a United States Navy veteran. Id.

Finally, Ayres alleges that her and her family have a birthright, as people of African descent, and a constitutional right, as American citizens, to dual citizenship, and demands that the United States government provide her and her family with dual citizenship. Id. ¶ 2G.

**III.    ANALYSIS.**

To proceed in forma pauperis, Ayres must demonstrate that she is unable to prepay the court fees, and that her Complaint sufficiently pleads claims. See Lopez v. Smith, 203

F.3d 1122, 1129 (9th Cir. 2000) (applying in forma pauperis requirements to nonprisoners).

        **A.    Ayres Has Shown that She is Unable to Prepay Court Fees.**

According to the 2013 Federal Poverty Guidelines, the poverty guideline for a three-person household in Hawaii is $22,470.00. Ayres's indicates that she is unemployed but receives income from pension, annuity, or life insurance payments. Ayres's gross pay or wages total $1,376.00 per month, which means she receives $16,512.00 per year. The Application indicates that she has no money in cash or in a checking or savings account and does not have any other assets. Ayres's expenses include $1,204.19 per month for rent and approximately $700.00 per month for other bills such as electricity, phone service, food, and transportation. Ayres lists her son and daughter as dependents. Although she does not indicate how much she contributes to their support, the court, having reviewed the information provided by Ayres, determines that Ayres has established that she is unable to pay the cost of this proceeding.

        **B.    Ayres's Complaint Fails to State a Claim on Which Relief May Be Granted.**

Although Ayres's income is below the Federal Poverty Guideline, the court denies the Application because the Complaint does not sufficiently plead claims as required by Rule 8 of the

Federal Rules of Civil Procedure.  Pursuant to 28 U.S.C. § 1915(e), the court subjects every in forma pauperis proceeding to mandatory screening and orders the dismissal of the complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

      Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  "Naked assertions devoid of further factual enhancement" that suggest only a "mere possibility of misconduct" are not enough to state a claim for relief.  Id. at 698.

Ayres appears to assert slander, discrimination, and invasion of privacy among other frivolous claims.  The legal bases for her claims remain unclear.  Even construing Ayres's Complaint liberally, <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Ayres's claims.  This court dismisses Ayres's Complaint for failing to state a cognizable claim upon which relief can be granted.

**VI.    CONCLUSION.**

The court dismisses the Complaint and denies the Application but grants Ayres leave to amend her Complaint no later than August 30, 2013.  Failure to file an Amended Complaint that states viable claims by August 30, 2013, will result in the automatic dismissal of this action.

Because (1) the court is dismissing the Complaint, (2) the court cannot say that there was enough before the court to warrant appointment of counsel, and (3) having no funds to pay counsel in civil cases, the court is sparing in its grants of requests for pro bono counsel, the request for appointment of counsel is denied without prejudice to being revisited (without any guarantee as to result) if Ayres presents the court with a claim that is at least plausible.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Ayres v. President Barack Obama, et al.; Civil No. 13-00371 SOM/RLP; ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AS MOOT