IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VANESSIAH AYRES; C/O REBECCA AYRES; C/O ANTHONY DURGANS, ) ) | CIVIL NO. 13-00371 SOM/RLP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | |
| PRESIDENT BARACK OBAMA, FEDERAL BUREAU OF INVESTIGATION, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF VETERAN'S AFFAIRS, BRITISH AIRWAYS, CLARKS SHOES, DELTA AIRLINES, UNIVERSITY OF HAWAII, GENERAL GROWTH PROPERTIES, HAWAIIAN ELECTRIC COMPANY, DARLANI APARTMENTS | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.        **INTRODUCTION AND BACKGROUND.**

On July 26, 2013, pro se Plaintiff Vanessiah Ayres
filed a Complaint against President Barack Obama, the
Department of Homeland Security ("DHS"), the Department of
Veteran's Affairs, the Federal Bureau of Investigation ("FBI"),
Clarks Shoes, British Airways, and Delta Airlines.  See ECF
No. 1.  Ayres also filed an Application to Proceed Without
Prepayment of Fees.  See ECF No. 4.

This court screened the Complaint under 28 U.S.C.
§ 1915 and issued an order on August 8, 2013, determining that
Ayres had failed to state a claim upon which relief could be
granted.  See ECF No. 5.  This court then gave Ayres leave to

amend her Complaint.  See id.  On September 16, 2013, Ayres filed her amended Complaint, which added new Defendants but was based on allegations and claims that were substantially similar to the original Complaint.  See ECF No. 12.

On October 4, 2013, the court dismissed the First Amended Complaint for failure to state a claim upon which relief may be granted because it failed to assert sufficient factual content to give Ayres's claims facial plausibility.  See ECF No. 15.  The court entered judgment against Ayres the same day on the grounds that further amendment would be futile.  See Clerk's Judgment, ECF No. 16.

Before this court is Ayres's Motion to Reopen Civil Complaint Case, ECF No. 16, which this court construes as a motion for reconsideration of the order of October 4, 2013, and a request for leave to file a Second Amended Complaint.  In other words, the court construes this document as a motion to amend the final judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and/or a motion seeking relief from judgment under Rule 60(b).  The court denies Ayres's motion because (1) Ayres's Second Amended Complaint would be futile and subject to dismissal under § 1915 if the court were to screen the Complaint, and (2) Ayres fails to demonstrate that she is entitled to reconsideration under either Rule 59(e) or 60(b).

II.        **LEGAL STANDARD**.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment.  Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995).  A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion.  <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting <u>Federal Practice and Procedure</u> § 2810.1).  <u>See also</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").  A Rule 59(e) motion may be granted on any of four grounds: (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law. <u>McDowell</u>, 197 F.3d at 1255 n.1 (quoting <u>Federal Practice and Procedure</u> § 2810.1).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or
> excusable neglect;
> (2) newly discovered evidence that, with
> reasonable diligence, could not have been

3

discovered in time to move for a new trial
under Rule 59(b);
(3) fraud (whether previously called
intrinsic or extrinsic), misrepresentation,
or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released
or discharged; it is based on an earlier
judgment that has been reversed or vacated;
or applying it prospectively is no longer
equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Like motions brought under Rule 59(e),

Rule 60(b) motions are committed to the discretion of the trial

court.  See Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994)

("Motions for relief from judgment pursuant to Federal Rule of

Civil Procedure 60(b) are addressed to the sound discretion of

the district court.").

**III.      ANALYSIS.**

Having reviewed the previous orders, Ayres's motion,

and her proposed Second Amended Complaint, this court denies

Ayres's motion for reconsideration because Ayres fails to advance

grounds entitling her to relief.

First, Ayres's Second Amended Complaint would be futile

and subject to dismissal under 28 U.S.C. § 1915 if the court were

to screen the Complaint.  Because Ayres has been attempting to

proceed in forma pauperis, her Second Amended Complaint would be

subject to screening under § 1915, which states that a court

"shall dismiss the case at any time" upon determining that the

action "fails to state a claim on which relief may be granted."

4

See also Denton v. Hernandez, 504 U.S. 25, 32 (1992) (stating that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

In her Second Amended Complaint, Ayres supplements her earlier claims with new allegations that are so "fantastic" and "fanciful" as to be clearly baseless.  See Denton, 504 U.S. at 32-33 ("a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,'  and 'delusional'").  For example, Ayres alleges that the FBI has implanted her and her family with biochips that "subject the plaintiff and her family to becoming a living vegetable or a New World Order slave."  ECF No. 17, PageID # 94.  Ayres then says, "Once the device is perfected the biochip implant can easily convert the plaintiff and her immediate family into a [monster] weapon for the defense department of the United States of America and therefore used to create unwilling murderers."  Id.  Ayres also accuses President Obama of premeditated murder because he has willfully increased the power of groups like the Ku Klux Klan

to terrorize groups like African-Americans.  Id., PageID # 100.

Even construing Ayres's Second Amended Complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Ayres's claims.  See  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  For these reasons, Ayres's Second Amended Complaint is deficient and fails to state a claim upon which relief may be granted.  Though leave to amend generally should be freely given, see Fed. R. Civ. P. 15(a), this court denies Ayres leave to amend because her proposed amendment would be futile.  See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

The court sees no reason to reconsider its earlier ruling under either Rule 59(e) or 60(b).  Under Rule 59(e), Ayres presents no manifest error of law, intervening change in controlling law, clear error, or manifest injustice.  Even if Ayres's new allegations were plausible, Ayres has not shown that her new allegations could not have been discovered in a more timely manner.  Ayres fares no better under Rule 60(b), having failed to demonstrate that any of the six factors under Rule

6

60(b) applies here.

**IV.      CONCLUSION.**

Ayres's motion for reconsideration is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2013.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ayres v. President Barack Obama, et al.; Civil No. 13-00371 SOM/RLP; ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION

7